# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF

| | | |
|---|---|---|
| In re: | § § | |
| JUSTIN WILROY OSBERG | § § § | Case No. 10-15637 |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on     . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (10/1/2010) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was       and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $       . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $     as interim compensation and now requests a sum of $     , for a total compensation of $     [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $    , and now requests reimbursement for expenses of $    , for total expenses of $     [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Gregg Szilagyi_____
                                                       Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit A

| Case No: | 10-15637 SPS | Judge: | Susan Pierson Sonderby | Trustee Name: | Gregg Szilagyi |
| --- | --- | --- | --- | --- | --- |
| Case Name: | JUSTIN WILROY OSBERG | | | Date Filed (f) or Converted (c): | 04/08/10 (f) |
| | | | | 341(a) Meeting Date: | 05/28/10 |
| For Period Ending: 05/12/11 | | | | Claims Bar Date: | 11/26/10 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- | --- |
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | 78 S. Stonington Dr Palatine, IL 60074 (Condo) | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 2 | 6020 S. Wabash Chicago, IL (3 Flat) | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 3 | 5335 N. California #26 Chicago, IL (condo) | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 4 | 1353 Cunad Ct Lake in the hills (condo) | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 5 | 312 Center Street worthington Indiana (partial interest - ow | 0.00 | 0.00 | | 10,000.00 | FA |
| 6 | Checking with Chase Joint with wife. | 600.00 | 600.00 | DA | 0.00 | 600.00 |
| 7 | Savings | 300.00 | 300.00 | DA | 0.00 | 300.00 |
| 8 | Property specialist | 3,500.00 | 3,500.00 | DA | 0.00 | 3,500.00 |
| 9 | General clothing | 100.00 | 100.00 | DA | 0.00 | 100.00 |
| 10 | Roth IRA | 1,186.87 | 1,186.87 | DA | 0.00 | 1,186.87 |
| 11 | Joint money market fund | 366.45 | 366.45 | DA | 0.00 | 366.45 |
| 12 | Utma Mutual Fund | 501.01 | 501.01 | DA | 0.00 | 501.01 |
| 13 | Motorola Pension plan | 50,000.00 | 50,000.00 | DA | 0.00 | 50,000.00 |
| 14 | Fifth Third Bank Shares | 200.00 | 200.00 | DA | 0.00 | 200.00 |
| 15 | Motorola Stock Plan | 1,600.00 | 1,600.00 | DA | 0.00 | 1,600.00 |
| 16 | Computer, printer and paper shredder. | 100.00 | 100.00 | DA | 0.00 | 100.00 |
| 17 | Tractor | 2,500.00 | 2,500.00 | DA | 0.00 | 2,500.00 |
| 18 | Household Goods | 1,500.00 | 1,500.00 | DA | 0.00 | 1,500.00 |
| INT | Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.96 | Unknown |
| | TOTALS (Excluding Unknown Values) | $62,454.33 | $62,454.33 | | $10,000.96 | Gross Value of Remaining Assets $62,454.33 (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

UST Form 101-7-TFR (10/1/2010) *(Page: 3)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2

Exhibit A

| | | |
|---|---|---|
| Case No: 10-15637 SPS   Judge: Susan Pierson Sonderby | | Trustee Name: Gregg Szilagyi |
| Case Name: JUSTIN WILROY OSBERG | | Date Filed (f) or Converted (c): 04/08/10 (f) |
| | | 341(a) Meeting Date: 05/28/10 |
| For Period Ending: 05/12/11 | | Claims Bar Date: 11/26/10 |

Initial Projected Date of Final Report (TFR):   12/31/11      Current Projected Date of Final Report (TFR):  / /

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

Case No: 10-15637
Case Name: JUSTIN WILROY OSBERG
Taxpayer ID No: XX-XXX0669
For Period Ending: 05/12/11

Trustee Name: Gregg Szilagyi
Bank Name: Bank of America
Account Number/CD#: XXXXXX2312 - MONEY MARKET ACCOUNT
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/01/10 | 5 | JASON OSBERG | PURCHASE OF INT. IN HOME | 1110-000 | 10,000.00 | | 10,000.00 |
| 11/30/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.22 | | 10,000.22 |
| 12/31/10 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.25 | | 10,000.47 |
| 01/31/11 | INT | Bank of America | Interest Rate 0.030 | 1270-000 | 0.25 | | 10,000.72 |
| 02/28/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.08 | | 10,000.80 |
| 03/31/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.08 | | 10,000.88 |
| 04/29/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.08 | | 10,000.96 |

|  | | |
|---|---|---|
| COLUMN TOTALS | 10,000.96 | 0.00 | 10,000.96 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 |
| Subtotal | 10,000.96 | 0.00 |
| Less: Payments to Debtors | 0.00 | 0.00 |
| Net | 10,000.96 | 0.00 |

| TOTAL OF ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| MONEY MARKET ACCOUNT - XXXXXX2312 | 10,000.96 | 0.00 | 10,000.96 |
| | 10,000.96 | 0.00 | 10,000.96 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

Total Allocation Receipts: 0.00
Total Net Deposits: 10,000.96
Total Gross Receipts: 10,000.96

Page Subtotals    10,000.96    0.00

**UST Form 101-7-TFR (10/1/2010)** *(Page: 5)*

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 10-15637  
Debtor Name: OSBERG, JUSTIN WILROY  
Claims Bar Date: 11/26/10  

Date: May 12, 2011

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Gregg Szilagyi<br>542 South Dearborn Street<br>Suite 1060<br>Chicago, Illinois 60605 | Administrative | | $0.00 | $1,750.10 | $1,750.10 |
| 100 2200 | Gregg Szilagyi<br>542 South Dearborn Street<br>Suite 1060<br>Chicago, Illinois 60605 | Administrative | | $0.00 | $0.00 | $0.00 |
| 1 300 7100 | Capital One Bank (USA), N.A.<br>by American Infosource Lp As Agent<br>PO Box 248839<br>Oklahoma City, OK 73124-8839 | Unsecured | | $0.00 | $1,209.63 | $1,209.63 |
| 2 300 7100 | Bloomfield State Bank<br>PO Box 407<br>Bloomfield, IN 47424-0407 | Unsecured | | $0.00 | $18,755.23 | $18,755.23 |
| 2 400 4110 | Bloomfield State Bank<br>PO Box 407<br>Bloomfield, IN 47424-0407 | Secured | SUPERCEDED | $0.00 | $18,755.23 | $0.00 |
| | Case Totals | | | $0.00 | $40,470.19 | $21,714.96 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-15637
Case Name: JUSTIN WILROY OSBERG
Trustee Name: Gregg Szilagyi

Balance on hand                                                    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Gregg Szilagyi | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses         $_____

Remaining Balance                                              $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 2 | Bloomfield State Bank | $ | $ | $ |

Total to be paid to timely general unsecured creditors      $_____

Remaining Balance      $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE